ANTOINETTA DI PAOIA, also known as Annie Di Paoia, and JOHN C. MANNA, complainants-appellants,

*v.*

THE TRUST COMPANY OF ORANGE, HELEN A. McCARTHY and JOSEPH P. WEBER, defendants-respondents.

[Submitted June 1st, 1931. Decided October 19th, 1931.]

*Mr. William A. Lord,* for the appellants.

*Mr. Richard J. Fitz Maurice* (*Mr. Anard W. Littman,* on the brief), for the respondents.

The opinion of the court was delivered by

TRENCHARD, J.

This is the appeal of the complainants below from an order dismissing their bill of complaint.

The bill seeks to restrain a co-obligor on a note, the defendant Joseph P. Weber, from enforcing collection of any balance due upon a judgment obtained thereon against him and his co-obligors, the complainants, under an execution which he had issued on the judgment in the name of The Trust Company of Orange, the original holder of the judgment, after obtaining an assignment thereof to his attorney's stenographer, for his benefit. The bill avers that Weber's co-obligors, the complainants, had paid their just portion of the judgment and the balance due thereon was justly payable by the defendant Weber; and the bill prays that he be restrained from further proceeding against complainants upon the judgment and that the judgment be canceled of record.

The defendants gave notice of a motion to strike out the bill. The motion was heard upon bill and affidavits submitted by both sides. The learned vice-chancellor considered that the complainants were in laches and dismissed the bill "for that cause among others."

We have examined the reasons set forth in defendants' motion to strike out the bill, and consider, in view of the proofs, that the dismissal of the bill cannot be justified.

It was not necessary (as contended in the first reason) to allege fraud in the procurement of the judgment in question in order for the complainants to maintain their bill of complaint. The bill was based upon the inequitable action of the defendant Weber in seeking to collect by execution from the

complainants, through a third party to whom the judgment had been assigned for his benefit, the portion of the judgment which he was by right obligated to pay—the complainants' bill averring and their affidavits tending to show that they had paid their just portion thereof.

The complainants cannot be considered in laches (as defendants next contend), because the bill was not filed until July 3d, 1930. The judgment was obtained on October 18th, 1928; thereafter, and up to September 23d, 1929, as the bill avers and the affidavits tend to show, payments had been made by the complainants on account of the judgment to an amount which discharged their just portion of the judgment and left the balance to be paid by Weber. In such case they had a right to rely upon Weber's paying the balance thereof which was properly his share. He made no move in the matter until June 4th, 1930, after he had, on April 26th, 1930, secured an assignment of the judgment in the name of a third person for his benefit, when on June 4th, 1930, he caused an execution to be issued thereon in the name of The Trust Company of Orange, instead of in his name or the name of the assignee who was holding same for him, and proceeded to the enforcement of the execution against the complainants, although they had already paid their share of the judgment. Thereafter, very promptly and in less than a month, complainants filed their bill in this cause to have their rights protected.

The bill of complaint cannot be considered as sham (as next contended by the defendants), for the allegations of the bill are amply supported by the affidavits attached to the bill and the affidavits submitted in opposition to the motion to strike out the bill.

The defendants contend in their last reason for moving to dismiss the bill that complainants cannot maintain the same because the judgment was duly and lawfully recovered. They rely on the case of *Brown* v. *White, 29 N. J. Law 514*. That case is not in point. That was an action at law in which this court held that where one of several defendants pays plaintiff a certain sum, which he agrees to accept in satisfaction

of a judgment, and the defendant paying the money procures an assignment of the judgment to himself, or to a third person for his benefit, the payment does not operate as a satisfaction of the judgment as to any of the defendants except the one paying the money, unless it appears that the payment was intended as a satisfaction of the judgment as to them. In the case at bar, as the proofs tended to show, the complainants, two of the three defendants in the judgment in question, have paid their just proportion of the judgment, and the third defendant, Weber, has paid his proportion to the original holder of the judgment, but through an assignment to a third person for his benefit, he is trying to collect from these complainants the amount he paid and which was justly owing by him and not by them. In that very case of *Brown* v. *White,* Mr. Justice Vredenburgh said in the supreme court (*White* v. *Brown, 29 N. J. Law 307, 313*) : "Where a defendant pays off a judgment, his rights, as against his co-defendants, are to collect from them, by action for money paid, their proportionate share of what he had overpaid, and not to use the lien of his judgment to collect from them the unpaid balance." From this statement of the law this court did not dissent in reversing the judgment in that case.

But here we have a case, as made by the bill of complaint and supported by the affidavits, where the complainants, two of three co-obligers on a note, have paid their just portion of the judgment obtained on that obligation, and the defendant Weber, the remaining obligor, has paid his portion of the judgment and through an execution which he had issued in the name of the original holder of the judgment, after he had obtained an assignment thereof to a third person for his benefit, is seeking to compel complainants to pay the entire obligation, and thereby freeing himself from bearing his just part of the burden. Of course, a court of equity, upon proper showing after full hearing, has power to restrain the defendant and grant the relief sought.

The order dismissing the bill will be reversed, with costs, and the record remitted to the court of chancery for further proceedings.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.   14.